**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JUNIOR ANTONIO GOMEZ GOMEZ,<br>*Plaintiff,*<br>v.<br>DAVID J. VENTURELLA, et al.,<br>*Defendants.* | No. 4:26-cv-1426-MAL |

**Memorandum and Order**

Petitioner Junior Antonio Gomez Gomez ("Gomez") filed a habeas petition under 28 U.S.C. § 2241 seeking release from immigration detention. Doc. 1. The Court **DENIES** the petition.

## I. Background

At age seventeen, Gomez entered the country as an unaccompanied child. Doc. 1 at 4. The Office of Refugee Resettlement ("ORR") released Gomez to the custody of his adult sister. *Id.* A Missouri court then appointed Gomez's sister as his legal guardian. *Id.* Once Gomez filed form I-360 with U.S. Citizenship and Immigration Services ("USCIS"), USCIS approved his classification as a Special Immigrant Juvenile ("SIJ"). *Id.* To date, USCIS has not decided whether to grant deferred action to Gomez. *Id.* at 8.

On July 24, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Gomez during a traffic stop and transferred him to the Phelps County Jail in Rolla, Missouri. *Id.* Gomez remains detained there. *Id.* Removal proceedings are pending before the Kansas City Immigration Court. *Id.*

Gomez sought custody re-determination, but the Immigration Judge denied bond on the authority of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA) 2025. *Id.*

Then Gomez filed this habeas petition, in which he claims that his detention violates substantive and procedural due process under the U.S. Constitution . *Id.* at 8–13.

## II. Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States . . ." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the petitioner.]" 28 U.S.C. § 2241(c).

## III. Application of Law to Fact

Gomez concedes that 8 U.S.C. § 1225(b)(2)(A) provides statutory authority for his detention, but he contends that his detention violates the Constitution.[1] Doc. 9 at 1–2. According to Gomez, continued detention deprives him of both procedural due process and substantive due process.[2] Doc. 9 at 3–6. The Court addresses each argument in turn.

### I. Detention does not deprive Gomez of procedural due process.

Gomez's present detention does not deprive him of procedural due process. The Eight Circuit's decision in *Banyee v. Garland* squarely governs this case. 115 F.4th 928 (8th Cir. 2024). In *Banyee*, the Eighth Circuit announced a clear rule: "detention during deportation proceedings is constitutionally valid." *Id.* at 931. Because Gomez is being detained pending deportation, Doc. 1 at 8 ("removal proceedings are now pending before the Kansas City Immigration Court"), his detention does not violate procedural due process.

---

[1] Gomez preserves a statutory argument for appeal while acknowledging that this Court is bound by the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (Doc. 9 at 1).

[2] Gomez also argues that the circumstances of his case, including his pending deferred action adjudication, his SIJ status, and his custodial history, render the current detention unlawful. (Doc. 9 at 6–14). The Court understands this argument to be an as-applied procedural due process challenge. *See id.* at 8 (referring to an "as-applied claim").

Gomez makes two arguments in response. First, Gomez argues that *Banyee* dealt with detention under 8 U.S.C. § 1226(c), not detention under § 1225(b). Doc. 9 at 4. That is wrong. The facts of *Banyee* certainly involved § 1226, but the holding was not so limited. 115 F.4th at 930. The Eighth Circuit resolved the case based on "a bright-line rule" according to which "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Banyee*, 115 F.4th at 933 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). Because the Eighth Circuit's rule resolved the case, that rule constitutes the holding of the case. *Cf. Andrew v. White*, 604 U.S. 86, 92 (2025) ("When [a] Court relies on a legal rule or principle to decide a case, that principle is a holding of the Court[.]").

Gomez's second argument is that the circumstances here—including his pending deferred-action adjudication, his SIJ status, and his custodial history—should exempt him from *Banyee*'s reach. Doc. 9 at 6–14. That too is wrong. *Banyee* announced a bright-line rule. 115 F.4th at 933. Thus, the rule does not vary according to circumstances of particular detainees, including Gomez.

Because Gomez is lawfully detained pending deportation, the Defendants have not violated his due process rights based on the allegations in the Petition.

## II. Detention does not deprive Gomez of substantive due process.

The Defendants have not violated Gomez's substantive due process rights by detaining him. According to the Supreme Court, the Fifth and Fourteenth Amendment due process clauses protect certain substantive rights "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997); *Dep't of State v. Munoz*, 602 U.S. 899, 909–10 (2024). When analyzing substantive due process claims, the Court must undertake a "careful description of the asserted fundamental liberty interest." *Munoz*, 602 U.S. at 910.

Gomez contends that his detention violates a fundamental right to be free from being physically restrained by the government. Doc. 9 at 5. But this is not a "careful description." *Munoz*, 602 U.S. at 910. In truth, Gomez is asserting an alien's fundamental right to be free from detention pending deportation under the circumstances of his case. *See* Doc. 9 at 5–6. Gomez does not explain why this

Nation's history and tradition demand recognition of any such right. *See id.* Thus, Gomez's substantive due process challenge fails.

**Conclusion**

Gomez's petition for habeas corpus under 28 U.S.C. § 2241, Doc. 1, is **DENIED and dismissed.**

**SO ORDERED,**

This 27th day of October, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE